## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHAEL COTTONE,

     Petitioner,

v.

                                 Civil Case No. 8:23-cv-2182-TPB-SPF
                                 Crim. Case No. 8:21-cr-132-TPB-SPF

UNITED STATES OF AMERICA,

     Respondent.

_____

## **ORDER**

     Michael Cottone moves under 28 U.S.C. § 2255 to vacate his conviction and 63-month sentence for being a felon in possession of firearms and ammunition. (Civ. Doc. 5)  Cottone pleaded guilty under a plea agreement to one count of violating 18 U.S.C. § 922(g)(1). (Crim. Doc. 37)  Both his conviction and sentence accord with the plea agreement.  He filed no appeal.

     Cottone raises one ground for relief in his § 2255 motion.  He claims that § 922(g), as applied to him, is an unconstitutional infringement on his right to bear arms.  (Civ. Doc. 5-1 at 1)  He argues that § 922(g) is overbroad because it infringes on his fundamental right to possess and bear arms for personal protection while traveling lawfully in the country.  (*Id*. at 22)

     Rule 4(b), Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it

plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]"; *see also Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014) (stating that summary dismissal of a habeas petition is appropriate "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief").

A district court may consider *sua sponte* the timeliness of a § 2255 motion. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* at 210; *see also Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) ("We hold that the District Court did not err by *sua sponte* dismissing Mr. Paez's § 2254 petition after giving him notice of its decision and an opportunity to be heard in opposition.").

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final." If a defendant does not appeal, his conviction becomes final upon the expiration of the period for filing a timely notice of appeal, or 14 days after the entry of

judgment.  Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Cottone's judgment of conviction was entered on March 16, 2022. (Crim. Doc. 63) The judgment became final 14 days later, on March 30, 2022.  Under § 2255(f)(1), Cottone had until March 30, 2023, to file his § 2255 motion.  He did not file his § 2255 motion until September 26, 2023, approximately six months after the March 30, 2023, deadline.

When asked to explain why the one-year statute of limitations in § 2255(f) does not bar his claim, Cottone vaguely states that his motion challenges the district court's jurisdiction.  (Civ. Doc. 5 at 11)  To support his claim that § 922(g) is unconstitutional, Cottone cites *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. __, 142 S. Ct. 2111, 2122 (2022), which holds that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home."  Affording the § 2255 motion a generous interpretation, Cottone appears to assert entitlement to a limitation period that began when *Bruen* issued.  *See* 28 U.S.C. § 2255(f)(3) (stating that the limitation period may start on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").  Cottone, however, filed his § 2255 motion on September 26, 2023, more than one year after *Bruen* issued on June 23, 2022.

Moreoever, the opening paragraph of *Bruen*, 142 S. Ct. at 2122 (emphasis added), explains why the decision is inapplicable to Cottone:

> In *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), and *McDonald v. Chicago*, 561 U.S. 742, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010), we recognized that the Second and Fourteenth Amendments protect the right of an ordinary, *law-abiding* citizen to possess a handgun in the home for self-defense. In this case, petitioners and respondents agree that ordinary, *law-abiding* citizens have a similar right to carry handguns publicly for their self-defense. We too agree, and now hold, consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home.

When he possessed two firearms and ammunition, Cottone was not a "law-abiding citizen" but, as admitted in the plea agreement, a convicted felon. (Crim. Doc. 37 at 14–16) Cottone pleaded guilty and admitted the following facts (*Id*. at 14–15):

> On December 2, 2019, Michael Cottone was driving a vehicle in the Middle District of Florida, and was stopped by a Pasco County Sheriff's Office deputy for driving with a suspended license. He was the sole occupant of the vehicle. . . . Investigators eventually searched the vehicle pursuant to a search warrant and recovered two firearms and ammunition[.] . . . Prior to possessing the firearms and ammunition, the defendant was convicted of one or more felonies, and was aware he was a convicted felon.

Therefore, *Bruen* does not establish a newly recognized right that protects Cottone.

Furthermore, Cottone fails to cite, and the district court cannot find, an opinion by the United States Supreme Court that holds that *Bruen* applies

retroactively on collateral review. Consequently, the limitation period did not start under § 2255(f)(3) when *Bruen* issued. *See In re Williams*, No. 22-13997-B, 2022 WL 18912836 at *3 (11th Cir. Dec. 15, 2022) ("Although [the defendant] cites to *Bruen*—a new decision applying constitutional principles that was not previously available—and argues that the holding in that case constitutes a new rule of constitutional law applicable to his felon-in-possession conviction, the Supreme Court did not expressly indicate that it was announcing a new rule of constitutional law applicable to cases on collateral review."); *In re Terry*, No. 22-13615-C, 2022 WL 20033240, at *4 (11th Cir. Nov. 14, 2022) ("[T]o the extent that the right recognized in *Bruen* is a previously unavailable, new rule of constitutional law, *Bruen* has not been 'made retroactive to cases on collateral review by the Supreme Court.'") (quoting 28 U.S.C. § 2255(h)(2)).

Cottone's § 2255 motion is untimely under § 2255(f)(1), and he fails to show entitlement to a start of the limitation period under § 2255(f)(3) when *Bruen* issued. Therefore, if Cotton wishes to proceed in this action he must show cause why his § 2255 motion is not time-barred. On or before **December 15, 2023**, Cottone must show (1) that his § 2255 motion is timely, (2) that he is entitled under another provision in § 2255(f) to a renewed start of the limitation period, (3) that he is entitled to equitable tolling, or (4) that he is

actually innocent.  The district court will dismiss this action without further notice if Cottone fails to timely respond to this order.

**ORDERED** in Tampa, Florida on November 17th, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

6