UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL COTTONE,

    Petitioner,

v.

                                 Civil Case No. 8:23-cv-2182-TPB-SPF
                                 Crim. Case No. 8:21-cr-132-TPB-SPF

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

Michael Cottone moves under 28 U.S.C. § 2255 to vacate his conviction and 63-month sentence for being a felon in possession of firearms and ammunition. (Civ. Doc. 5) Cottone pleaded guilty under a plea agreement to one count of violating 18 U.S.C. § 922(g)(1). (Crim. Doc. 37) Both his conviction and sentence accord with the plea agreement. Cottone raises one ground for relief in his § 2255 motion. He claims that § 922(g) is an unconstitutional infringement on his right to bear arms.

In a prior order (Civ. Doc. 6), the Court conducted a preliminary review of Cottone's § 2255 motion under Rule 4(b), Rules Governing Section 2255. (Civ. Doc. 6) In that order, the Court concluded that Cottone's § 2255 motion is time-barred because he did not file it until September 26, 2023, approximately six month after the March 30, 2023 filing deadline.

Furthermore, the Court explained that *New York Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 2122 (2022), which holds that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home," affords Cottone no relief because he filed his § 2255 motion more than one year after *Bruen* issued, *Bruen* does not apply retroactively, and he admitted to being a convicted felon and therefore was not in a class of persons qualified to possess firearms and ammunition.

**After the Court issued its order, the Eleventh Circuit issued its decision in *United States v. Dubois*, 94 F. 4th 1284 (11th Cir. 2024), which squarely forecloses Cottone's challenge to the constitutionality of § 922(g).  *Dubois* holds, in relevant part, that the Eleventh Circuit's prior precedent in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), in which the circuit court upheld the constitutionality of § 922(g)(1), remains good law.**

The Court nevertheless afforded Cottone an opportunity to show that his claim was not time-barred.  The Court directed Cottone to show "(1) that his § 2255 motion is timely, (2) that he is entitled under another provision in § 2255(f) to a renewed start of the limitation period, (3) that he is entitled to equitable tolling, or (4) that he is actually innocent." (Civ. Doc. 6 at 5–6)  The Court, thereafter, granted Cottone extensions of time to comply with the Court's order.  (Civ. Docs. 9, 11, and 13)

Cottone now files his response to the Court's order. (Civ. Doc. 14) He argues that his § 2255 motion is not time-barred because "this Court lacks subject matter jurisdiction to enforce [18 U.S.C. § 922(g)] as to Mr. Cottone because he has claimed he is not among the people exempt from possessing a firearm." (*Id*. at 2–3) He repeats his claim that § 922(g) is unconstitutional and argues that the district court "lacks jurisdiction to enforce procedural rules [and] statutory rules." (*Id*. at 3)

Cottone's assertion lacks merit. "[Jurisdictional] error can never be waived by parties to litigation." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (recognizing that "habeas corpus has long been available to attack convictions and sentences entered by a court without jurisdiction") (citations omitted). It does not follow, however, that a jurisdictional challenge can never be untimely. To the contrary, "[c]ourts have uniformly rejected the contention that jurisdictional challenges are exempt from AEDPA's statute of limitations." *Alston v. United States*, No. 3:21-cv-1150-MMH-MCR, 2023 WL 2974174, at *6 (M.D. Fla. Apr. 17, 2023) (collecting cases). Instead, "Section 2255 specifically contemplates motions made by prisoners alleging that the court lacked jurisdiction to render the judgment or to sentence the prisoner, and § 2255(f) provides no exception to the one-year time limitation period for such challenges." *Porter v. United States*, No. 17-13743, 2018 WL 7458652, at *2 (11th Cir. Sept. 13, 2018); *see also William v. United States*, 383 F. App'x

927, 929 (11th Cir. 2010) ("Nothing in the statutory language suggests that jurisdictional challenges are exempt from the one-year limitations period that applies to a motion under [§ 2255]."). Therefore, Cottone cannot avoid the statute of limitations by asserting a meritless challenge to the Court's jurisdiction.

Accordingly, Cottone's motion to vacate under § 2255 is **DISMISSED AS TIME-BARRED** for the reasons explained in the Court's prior order (Civ. Doc. 6) and discussed herein. The clerk is directed to enter a judgment against Cottone, close this case, and enter a copy of this order in the criminal case. Because Cottone fails to make "a substantial showing of the denial of a constitutional right," a certificate of appealability and leave to appeal in forma pauperis are **DENIED**. 28 U.S.C. § 2253(c)(2).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of April, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**